UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TANGGANG "DAN" YUAN,<br><br>    Plaintiffs,<br><br>v.<br><br>EIGHTFOLD AI INC.,<br><br>    Defendant. | Civil Action No. |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant Eightfold AI Inc. ("Defendant"), hereby removes this action from the Middlesex County Superior Court of the Commonwealth of Massachusetts. As grounds for removal, Defendant states as follows:

1. On October 30, 2023, Plaintiff Tanggang "Dan" Yuan ("Plaintiff") filed a lawsuit in the Middlesex Superior Court, entitled *Tanggang "Dan" Yuan v. Eightfold AI Inc.*, Civil Action No. 2381CV03045 (the "State Court Action").

2. Defendant received service of the Summons and Complaint on November 2, 2023. Therefore, this Notice of Removal is timely filed. *See* 28 U.S.C. § 1446(b).

3. A true and correct copy of all process, pleadings, and orders that have been received by Defendant in the State Court Action are attached hereto as Exhibit A. *See* 28 U.S.C. § 1446(a).

4. This Court has diversity jurisdiction over the State Court Action pursuant to 28 U.S.C. § 1332 because the parties are citizens of different states and the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

5. Plaintiff is a resident of Cambridge, Massachusetts, Middlesex County, and, thus, a citizen of the Commonwealth of Massachusetts. Compl. ¶ 1.

6. For diversity jurisdiction purposes, a corporation is deemed a citizen of its state of incorporation and the state or foreign state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). A corporation's principal place of business is "the place where the corporation's high level officers direct, control, and coordinate the corporation's activities," i.e., its "nerve center," which is typically a corporation's headquarters. *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010).

7. Defendant Eightfold AI Inc. Inc. is a corporation organized under the laws of the State of Delaware, with its principal place of business and headquarters in Santa Clara, California. Thus, Defendant Eightfold AI Inc. is a citizen of Delaware and California for diversity purposes.

8. Diversity of citizenship existed between the parties at the time Plaintiff's Complaint was filed. Diversity of citizenship continues to exist at the time this Notice of Removal is being filed.

9. Where removal is based on diversity of citizenship and the initial pleading seeks a money judgment but does not demand a specific sum, "the notice of removal may assert the amount in controversy," 28 U.S.C. § 1446(c)(2), and a removing defendant "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold*." Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014).

10. Without admitting liability or that Plaintiff is entitled to any damages, Defendant states that, given the allegations in the complaint and the nature of the potential damages

available to Plaintiff under the complaint, there is more than a reasonable probability that the amount in controversy in this case exceeds $75,000.00, exclusive of interests and costs.

11.  Plaintiff brings a complaint for failure to pay earned sick time, earned sick time interference, sick leave retaliation, retaliation in violation of the Massachusetts Paid Family Medical Leave Act, violation of the Massachusetts Wage Act, and associational disability discrimination/retaliation in violation of Mass. Gen. Laws ch. 151B.  Plaintiff seeks damages (including doubled or trebled damages), costs and attorneys' fees in this lawsuit.  *See* Compl. at pp. 7-8, "Request for Relief."

12.  Plaintiff alleges that on November 4, 2021, he accepted an offer of employment from Defendant pursuant to a one-year contract by which Plaintiff earned $100,000 per year plus benefits.  *See* Compl. ¶¶ 8, 11.  Plaintiff further alleges he was told on different occasions his one-year contract would be extended, with the last alleged extension running through March 2023.  *Id.* ¶¶ 11, 13.

13.  Plaintiff alleges he was terminated on December 30, 2022 and that he has not been paid for any accrued sick leave or paid time off.  *Id.* ¶ 23.  Plaintiff further alleges he "has suffered and continues to suffer damages, including but not limited to loss of income, loss of personal and professional reputation, emotional distress, and mental suffering."  *Id.* ¶¶ 33, 37, 43, 46.  Plaintiff also characterizes his alleged damages as encompassing "loss of income, loss of employment benefits, loss of professional opportunities, loss of personal and professional reputation, other financial losses, emotional distress and mental suffering."  *Id.* ¶ 49.

14.  When a plaintiff makes a claim under a statute including a damages multiplier, these statutory provisions "must be taken into account in calculating the amount in controversy." *Lucas v. Ultima Framingham LLC*, 973 F. Supp. 2d 98, 101 (D. Mass. 2013).  Plaintiff brings

claims under the Massachusetts Wage Act and Massachusetts Paid Family Leave Act, both of which provide for treble damages. *See* Mass. Gen. Laws ch. 149, § 150; Mass. Gen. Laws ch. 175M, § 9.

15. Plaintiff also seeks attorneys' fees, and attorneys' fees are included in determining the amount in controversy when recovery of attorneys' fees is explicitly allowed by statute, as in 151B. *See Romulus v. CVS Pharmacy, Inc.*, 770 F.3d 67, 81 n.15 (1st Cir. 2014).

16. Given the nature of Plaintiff's claimed damages, there is a reasonable probability that the amount in controversy in this case exceeds $75,000.00.

17. Specifically, the allegations in Plaintiff's Complaint establish on the face of the pleadings that he seeks more than $75,000 in damages. Even if Plaintiff only seeks lost wages for three months between his December 30, 2022 termination and the end of March 2023, the date to which he alleges his contract had been extended, his lost wages alone would be $25,000, which, when subjected to the statutory treble damages, would be exactly $75,000. Plaintiff's attorneys' fees are also included in the determining the amount in controversy, and Plaintiff further seeks damages for other alleged unpaid benefits, such as paid time off and accrued sick time, as well as compensatory damages for alleged emotional distress, mental suffering and damage to his reputation. Thus, the amount in controversy is reasonably likely to exceed $75,000.

18. This conclusion is buttressed by the damages Plaintiff identifies in his Civil Action Cover Sheet filed with his complaint. *See Toro v. CSX Intermodal Terminals, Inc.*, 199 F. Supp. 3d 320, 324 (D. Mass. 2016) (using damages stated on Civil Action Cover Sheet for determination of amount in controversy); *Salvail v. Relocation Advisors, Inc.*, No. Civ. A. 11-10500-RGS, 2011 WL 1883861, at *1 (D. Mass. May 17, 2011) (citing Civil Action Cover Sheet

damages of $142,500 for removal on diversity grounds). In Plaintiff's Civil Action Cover Sheet, he seeks damages in the amount of $100,000 in lost wages, benefits, medical expenses and future lost wages and lost benefits. *See* Plaintiff's Civil Action Cover Sheet.

19. Accordingly, this Court has jurisdiction over the State Court Action pursuant to 28 U.S.C. § 1332(a); *see Barrell v. Lombardi*, 239 F.3d. 23, 30 (1st Cir 2001) (the amount in controversy requirement is satisfied when it is not apparent from the face of the complaint that plaintiff "never was entitled to recover a sum equal to, or in excess of" $75,000.00).

20. The requirement for diversity jurisdiction is satisfied, and this Court has jurisdiction over all claims and parties pursuant to 28 U.S.C. § 1332. The Complaint is properly removed pursuant to 28 U.S.C. §§ 1441 and 1446.

21. The State Court Action is properly removed to this Court under 28 U.S.C. §§ 1441 and 1446 because it is pending in Middlesex County Superior Court in the Commonwealth of Massachusetts, which lies within this District.

22. A true and complete copy of this Notice of Removal has been served this day, together with the Notice of Filing of Notice of Removal, upon the Clerk of the Middlesex County Superior Court in accordance with 28 U.S.C. § 1446(d). A copy of the Notice of Filing of Notice of Removal is attached hereto as Exhibit B.

23. This Notice of Removal and a Notice of Filing of Notice of Removal have also been served this day via email and first-class mail upon Plaintiff's counsel of record.

24. Defendant denies liability, and reserves all denials and defenses.

WHEREFORE, Defendant respectfully requests that the State Court Action hereinafter proceed in the United States District Court for the District of Massachusetts.

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | EIGHTFOLD AI INC. |
|  | By its attorneys, |
|  | */s/ Matthew J. Lynch* <br> Gary J. Lieberman (BBO No. 638535) <br> Matthew J. Lynch (BBO No. 689363) |
|  | **LITTLER MENDELSON, P.C.** <br> One International Place, Suite 2700 <br> Boston, MA 02110 <br> Phone 617.378.6000 <br> Fax 617.737.0052 <br> glieberman@littler.com |
| Dated: December 1, 2023 | mlynch@littler.com |

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 1st day of December 2023, a true copy of the foregoing document was filed electronically through the Court's CM/ECF system, is available for viewing and downloading from the ECF system, will be sent via email and first-class mail to counsel of record as follows:

>Samuel Kennedy-Smith, Esq.
>sks@dgpfirm.com
>Patrick B. Jennings, Esq.
>pbj@dgpfirm.com
>DUDDY GOODWIN & POLLARD
>446 Main Street, 16th Floor
>Worcester, Massachusetts 01608

*/s/ Matthew J. Lynch*
Matthew J. Lynch