| CIVIL TRACKING ORDER (STANDING ORDER 1-88) | DOCKET NUMBER 2381CV03045 | Trial Court of Massachusetts The Superior Court |
|---|---|---|
| CASE NAME: Tanggang "dan" Yuan vs. Eightfold Ai Inc. | | Michael A. Sullivan, Clerk of Court Middlesex County |
| TO: Samuel Kennedy-Smith, Esq. Duddy Goodwin and Pollard 446 Main St 16th Floor Worcester, MA 01608 | | COURT NAME & ADDRESS Middlesex County Superior Court - Woburn 200 Trade Center Woburn, MA 01801 |

## TRACKING ORDER - F - Fast Track

You are hereby notified that this case is on the track referenced above as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated.

**STAGES OF LITIGATION**   **DEADLINE**

| | SERVED BY | FILED BY | HEARD BY |
|---|---|---|---|
| Service of process made and return filed with the Court | | 01/29/2024 | |
| Response to the complaint filed (also see MRCP 12) | | 02/27/2024 | |
| All motions under MRCP 12, 19, and 20 | 02/27/2024 | 03/28/2024 | 04/29/2024 |
| All motions under MRCP 15 | 02/27/2024 | 03/28/2024 | 04/29/2024 |
| All discovery requests **and depositions** served and non-expert depositions completed | 08/26/2024 | | |
| All motions under MRCP 56 | 09/24/2024 | 10/24/2024 | |
| Final pre-trial conference held and/or firm trial date set | | | 02/21/2025 |
| Case shall be resolved and judgment shall issue by | | | 10/29/2025 |

The final pre-trial deadline is **not the scheduled date of the conference**. You will be notified of that date at a later time. Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.

This case is assigned to

| DATE ISSUED | ASSISTANT CLERK | PHONE |
|---|---|---|
| 10/31/2023 | Martha Fulham | |

Date/Time Printed: 10-31-2023 09:16:06    SCV026\ 08/2018

Date Filed 10/30/2023 4:03 PM
Superior Court - Middlesex
Docket Number

| CIVIL ACTION COVER SHEET | DOCKET NUMBER | Trial Court of Massachusetts The Superior Court |
|---|---|---|
| | | COUNTY Middlesex Superior Court (Woburn) |

| Plaintiff | Tanggang "Dan" Yuan | Defendant: | Eightfold AI Inc |
|---|---|---|---|
| ADDRESS: | 16 Peabody Terrace | ADDRESS: | 2625 Augustine Drive |
| | Apartment 31 | | Suite 601 |
| | Cambridge, MA 02138 | | Santa Clara, CA 95054 |
| Plaintiff Attorney: | Samuel Kennedy-Smith | Defendant Attorney: | |
| ADDRESS: | Duddy Goodwin & Pollard | ADDRESS: | |
| | 446 Main Street, 16th Floor | | |
| | Worcester, MA 01608 | | |
| BBO: | 685647 | BBO: | |

**TYPE OF ACTION AND TRACK DESIGNATION** (see instructions section on next page)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| B22 | Employment Discrimination | F | ☒ YES  ☐ NO |

*If "Other" please describe:

Is there a claim under G.L. c. 93A?   ☐ YES  ☒ NO
Is there a class action under Mass. R. Civ. P. 23?   ☐ YES  ☒ NO

**STATEMENT OF DAMAGES REQUIRED BY G.L. c. 212, § 3A**

The following is a full, itemized and detailed statement of the facts on which the undersigned plaintiff or plaintiff's counsel relies to determine money damages. (Note to plaintiff: for this form, do not state double or treble damages; indicate single damages only.)

**TORT CLAIMS**

A. Documented medical expenses to date
1. Total hospital expenses
2. Total doctor expenses                    RECEIVED
3. Total chiropractic expenses              10/30/2023
4. Total physical therapy expenses
5. Total other expenses (describe below)

Subtotal (1-5): $0.00

B. Documented lost wages and compensation to date
C. Documented property damages to date         AJ
D. Reasonably anticipated future medical and hospital expenses
E. Reasonably anticipated lost wages
F. Other documented items of damages (describe below)    $100,000.00
all damages to which plaintiff is entitled to by statute

TOTAL (A-F): $100,000.00

G. Briefly describe plaintiff's injury, including the nature and extent of the injury:
lost wages, loss of benefits, medical expenses and illegal termination resulting in lost future wages and other benefits

**CONTRACT CLAIMS**

☐ This action includes a claim involving collection of a debt incurred pursuant to a revolving credit agreement. Mass. R. Civ. P. 8.1(a).

| Item # | Detailed Description of Each Claim | Amount |
|---|---|---|
| 1. | | |
| | Total | |

Signature of Attorney/Self-Represented Plaintiff: X Samuel Kennedy-Smith        Date: October 30, 2023

RELATED ACTIONS: Please provide the case number, case name, and county of any related actions pending in the Superior Court.

**CERTIFICATION UNDER S.J.C. RULE 1:18(5)**

I hereby certify that I have complied with requirements of Rule 5 of Supreme Judicial Court Rule 1:18: Uniform Rules on Dispute Resolution, requiring that I inform my clients about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution.

Signature of Attorney: X Samuel Kennedy-Smith        Date: October 30, 2023

SC0001: 1/13/2023                www.mass.gov/courts                Date/Time Printed:10-04-2023 16:48:22

# CIVIL ACTION COVER SHEET INSTRUCTIONS —
## SELECT A CATEGORY THAT BEST DESCRIBES YOUR CASE*

### AC Actions Involving the State/Municipality†*

- AA1 Contract Action involving Commonwealth, Municipality, MBTA, etc. (A)
- AB1 Tortious Action involving Commonwealth, Municipality, MBTA, etc. (A)
- AC1 Real Property Action involving Commonwealth, Municipality, MBTA etc. (A)
- AD1 Equity Action involving Commonwealth, Municipality, MBTA, etc. (A)
- AE1 Administrative Action involving Commonwealth, Municipality, MBTA, etc. (A)

### CN Contract/Business Cases

- A01 Services, Labor, and Materials (F)
- A02 Goods Sold and Delivered (F)
- A03 Commercial Paper (F)
- A04 Employment Contract (F)
- A05 Consumer Revolving Credit - M.R.C.P. 8.1 (F)
- A06 Insurance Contract (F)
- A08 Sale or Lease of Real Estate (F)
- A12 Construction Dispute (A)
- A14 Interpleader (F)
- BA1 Governance, Conduct, Internal Affairs of Entities (A)
- BA3 Liability of Shareholders, Directors, Officers, Partners, etc. (A)
- BB1 Shareholder Derivative (A)
- BB2 Securities Transactions (A)
- BC1 Mergers, Consolidations, Sales of Assets, Issuance of Debt, Equity, etc. (A)
- BD1 Intellectual Property (A)
- BD2 Proprietary Information or Trade Secrets (A)
- BG1 Financial Institutions/Funds (A)
- BH1 Violation of Antitrust or Trade Regulation Laws (A)
- A99 Other Contract/Business Action - Specify (F)

* See Superior Court Standing Order 1-88 for an explanation of the tracking deadlines for each track designation: F, A, and X. On this page, the track designation for each case type is noted in parentheses.

†* Choose this case type if ANY party is the Commonwealth, a municipality, the MBTA, or any other governmental entity UNLESS your case is a case type listed under Administrative Civil Actions (AA).

‡ Choose this case type if ANY party is an incarcerated party, UNLESS your case is a case type listed under Administrative Civil Actions (AA) or is a Prisoner Habeas Corpus case (E97).

### ER Equitable Remedies

- D01 Specific Performance of a Contract (A)
- D02 Reach and Apply (F)
- D03 Injunction (F)
- D04 Reform/ Cancel Instrument (F)
- D05 Equitable Replevin (F)
- D06 Contribution or Indemnification (F)
- D07 Imposition of a Trust (A)
- D08 Minority Shareholder's Suit (A)
- D09 Interference in Contractual Relationship (F)
- D10 Accounting (A)
- D11 Enforcement of Restrictive Covenant (F)
- D12 Dissolution of a Partnership (F)
- D13 Declaratory Judgment, G.L. c. 231A (A)
- D14 Dissolution of a Corporation (F)
- D99 Other Equity Action (F)

### PA Civil Actions Involving Incarcerated Party ‡

- PA1 Contract Action involving an Incarcerated Party (A)
- PB1 Tortious Action involving an Incarcerated Party (A)
- PC1 Real Property Action involving an Incarcerated Party (F)
- PD1 Equity Action involving an Incarcerated Party (F)
- PE1 Administrative Action involving an Incarcerated Party (F)

### TR Torts

- B03 Motor Vehicle Negligence - Personal Injury/Property Damage (F)
- B04 Other Negligence - Personal Injury/Property Damage (F)
- B05 Products Liability (A)
- B06 Malpractice - Medical (A)
- B07 Malpractice - Other (A)
- B08 Wrongful Death - Non-medical (A)
- B15 Defamation (A)
- B19 Asbestos (A)
- B20 Personal Injury - Slip & Fall (F)
- B21 Environmental (F)
- B22 Employment Discrimination (F)
- BE1 Fraud, Business Torts, etc. (A)
- B99 Other Tortious Action (F)

### RP Summary Process (Real Property)

- S01 Summary Process - Residential (X)
- S02 Summary Process - Commercial/Non-residential (F)

### RP Real Property

- C01 Land Taking (F)
- C02 Zoning Appeal, G.L. c. 40A (F)
- C03 Dispute Concerning Title (F)
- C04 Foreclosure of a Mortgage (X)
- C05 Condominium Lien & Charges (X)
- C99 Other Real Property Action (F)

### MC Miscellaneous Civil Actions

- E18 Foreign Discovery Proceeding (X)
- E97 Prisoner Habeas Corpus (X)
- E22 Lottery Assignment, G.L. c. 10, § 28 (X)

### AB Abuse/Harassment Prevention

- E15 Abuse Prevention Petition, G.L. c. 209A (X)
- E21 Protection from Harassment, G.L. c. 258E (X)

### AA Administrative Civil Actions

- E02 Appeal from Administrative Agency, G.L. c. 30A (X)
- E03 Certiorari Action, G.L. c. 249, § 4 (X)
- E05 Confirmation of Arbitration Awards (X)
- E06 Mass Antitrust Act, G.L. c. 93, § 9 (A)
- E07 Mass Antitrust Act, G.L. c. 93, § 8 (X)
- E08 Appointment of a Receiver (X)
- E09 Construction Surety Bond, G.L. c. 149, §§ 29, 29A (A)
- E10 Summary Process Appeal (X)
- E11 Worker's Compensation (X)
- E16 Auto Surcharge Appeal (X)
- E17 Civil Rights Act, G.L. c.12, § 11H (A)
- E24 Appeal from District Court Commitment, G.L. c.123, § 9(b) (X)
- E94 Forfeiture, G.L. c. 265, § 56 (X)
- E95 Forfeiture, G.L. c. 94C, § 47 (F)
- E99 Other Administrative Action (X)
- Z01 Medical Malpractice - Tribunal only, G.L. c. 231, § 60B (F)
- Z02 Appeal Bond Denial (X)

### SO Sex Offender Review

- E12 SDP Commitment, G.L. c. 123A, § 12 (X)
- E14 SDP Petition, G.L. c. 123A, § 9(b) (X)

### RC Restricted Civil Actions

- E19 Sex Offender Registry, G.L. c. 6, § 178M (X)
- E27 Minor Seeking Consent, G.L. c.112, § 12S (X)

**TRANSFER YOUR SELECTION TO THE FACE SHEET**

**EXAMPLE:**

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| B03 | Motor Vehicle Negligence-Personal Injury | F | ☒ YES ☐ NO |

## STATEMENT OF DAMAGES REQUIRED BY G.L. c. 212, § 3A

**DUTY OF THE PLAINTIFF** — On the face of the Civil Action Cover Sheet (or on attached additional sheets, if necessary), the plaintiff shall state the facts on which the plaintiff relies to determine money damages. A copy of the completed Civil Action Cover Sheet, including the statement concerning damages, shall be served with the complaint. **A clerk-magistrate shall not accept for filing a complaint, except as otherwise provided by law, unless it is accompanied by such a statement signed by the attorney or self-represented litigant.**

**DUTY OF THE DEFENDANT** — If the defendant believes that the statement of damages filed by the plaintiff is inadequate, the defendant may file with the defendant's answer a statement specifying the potential damages which may result if the plaintiff prevails.

### A CIVIL ACTION COVER SHEET MUST BE FILED WITH EACH COMPLAINT.
### IF THIS COVER SHEET IS NOT FILLED OUT THOROUGHLY AND
### ACCURATELY, THE CASE MAY BE DISMISSED.

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, ss                      SUPERIOR COURT

TANGGANG "DAN" YUAN

Plaintiff,

vs.

EIGHTFOLD AI INC.

Defendant.

10/30/2023

RECEIVED

C.A. No.:

## COMPLAINT AND JURY DEMAND

### PARTIES

1. The Plaintiff, Tanggang "Dan" Yuan, resides in Cambridge, Massachusetts.

2. The Defendant, Eightfold AI Inc. ("Eightfold"), is a foreign corporation incorporated under the laws of the State of Delaware and with a principal place of business in Santa Clara, California.

3. Throughout his term of employment with the Defendant, Plaintiff lived and worked in Cambridge, Massachusetts.

### JURISDICTION

4. This Court has jurisdiction over this matter as the amount in controversy exceeds $50,000 and pursuant to: G.L. c. 149, 151B and 175M.

5. Middlesex County is the proper venue as the dispute arises out of acts and/or omissions occurring in that County and /or one of the parties is located in said County.

### FACTS

6. Eightfold utilizes artificial intelligence to help companies recruit and retain a diverse global workforce.

7. The Plaintiff emigrated to the United States from China in 2015 to study at Harvard University. He received a PhD in Economics and spent several years working and teaching in Data Science and Economics.

8. On or around November 4, 2021, Plaintiff accepted a job offer from the Defendant to work as an Economist with a base salary of $100,000.00 plus benefits. He started work on November 15, 2021.

9. Plaintiff's job duties included writing and submitting academic publications aimed at increasing Eightfold's influence and exposure, presenting data and findings to Eightfold's outside consumers, and carrying out various research projects.

10. In the Spring of 2022, Plaintiff's father, who lives in China, became ill and required invasive and extensive medical treatment. As his parents' only child, Plaintiff returned to China to care for his father. In April of 2022, the Plaintiff began a three-month unpaid leave of absence.

11. Upon Plaintiff's return to work on August 1, 2022, his Reporting Manager, Hicham Zahr, informed him that his twelve-month contract would be automatically extended by three months.

12. Shortly thereafter and also in August of 2022, Plaintiff began reporting to Sania Khan.

13. In or around October of 2022, Ms. Khan informed Plaintiff that his contract would be extended through March of 2023.

14. Throughout his tenure, Plaintiff's research projects were routinely published on the Defendant's website and praised by his supervising manager and colleagues.

15. In May of 2022, Plaintiff and his partner conceived through surrogacy. Plaintiff and his partner learned they were expecting twins.

2

16. On November 7, 2022, the twin babies were prematurely born at 25 weeks. They required extensive medical attention and numerous surgeries in a neonatal intensive care unit.

17. On November 10, 2022, Plaintiff reached out to Defendant's Human Resources Department and inquired about parental leave. Plaintiff was initially advised that he was eligible to take paid company parental leave.

18. On November 14, 2022, a Human Resources representative for the Defendant informed the Plaintiff that he was **not** eligible for the company's parental leave program but that he may be eligible for leave pursuant to the Massachusetts Paid Family and Medical Leave program.

19. On November 14, 2022, Plaintiff followed up with Defendant's Human Resources representative and asked how many days of both PTO and sick leave he had available and when he would be eligible for the company's parental leave program. These inquiries were not addressed.

20. On or around November 18, 2022, and less than one-week after the Plaintiff expressed his desire to take time off in order to care for his premature babies, Defendant informed Plaintiff that he would be terminated effective December 30, 2022.

21. For the next six weeks, Plaintiff continued working every day for the Defendant, working remotely for many of those days from a Neonatal Intensive Care Unit while his premature son and daughter clung to life.

22. Over the course of Plaintiff's employment with the Defendant, he never received any Paid Time Off or Sick Leave (paid or unpaid).

23. On December 30, 2022, the Plaintiff received his last paycheck and, to date, has not been paid for any accrued sick leave or paid time off.

3

24. Throughout the course of Plaintiff's employment, Defendant deducted Massachusetts state taxes from his paychecks.

25. On January 21, 2023, the Plaintiff's infant daughter passed away.

26. On February 1, 2023, the Plaintiff's infant son passed away.

27. Plaintiff has timely satisfied all administrative requirements and other pre-requisites for bringing suit.

## COUNT I
## FAILURE TO PAY EARNED SICK TIME

28. The Plaintiff repeats and re-alleges the above paragraphs as if each were set forth here in its entirety.

29. Additionally, and/or alternatively, the Plaintiff asserts that pursuant to G.L. c. 149, § 148C: (1) Plaintiff had accrued earned sick time within the meaning of the law; (2) Defendant did not allow Plaintiff to utilize his accrued earned sick time and otherwise refused to pay as required by G.L. c. 149, § 148C.

30. As a direct and proximate result, the Plaintiff has suffered and continues to suffer damages, including but not limited to loss of income, loss of personal and professional reputation, emotional distress, and mental suffering.

## COUNT II
## EARNED SICK TIME INTERFERENCE

31. The Plaintiff repeats and re-alleges the above paragraphs as if each were set forth here in its entirety.

32. Additionally, and/or alternatively, the Plaintiff asserts that pursuant to G.L. c. 149, §§ 148C(h),148C(i), 150: (1) Plaintiff engaged in protected conduct when he requested to and/or sought to take sick time under Massachusetts earned sick time laws; (2) Defendant

4

interfered with, restrained or denied the Plaintiff from exercising or attempting to exercise a right or earned sick time under G.L. c. 149, § 148C; (3) Defendant thereafter took adverse employment action against the Plaintiff and/or otherwise retaliated against or acted to restrain or deny the Plaintiff from taking earned sick time; and (4) A causal connection existed between that protected activity and Plaintiff's termination.

33. As a direct and proximate result, the Plaintiff has suffered and continues to suffer damages, including but not limited to loss of income, loss of personal and professional reputation, emotional distress, and mental suffering.

## COUNT III – SICK LEAVE RETALIATION

34. The Plaintiff repeats and re-alleges the above paragraphs as if each were set forth herein.

35. At all times relevant to this Complaint, the Defendant was an employer within the meaning of M.G.L. c. 149, § 148C.

36. By the conduct alleged herein, the Defendant retaliated against the Plaintiff for his attempts to exercise his right to use earned sick leave by using the taking of sick leave as a negative factor used to terminate him in violation of M.G.L. c. 149, § 148C.

37. As a direct and proximate result of the Defendant's retaliatory acts, the Plaintiff has suffered and continues to suffer damages, including but not limited to loss of income, loss of employment benefits, loss of personal and professional reputation, emotional distress, and mental suffering.

## COUNT IV – RETALIATION IN VIOLATION OF PAID FAMILY MEDICAL LEAVE

38. The Plaintiff repeats and re-alleges the above paragraphs as if each were set forth herein.

39. The Plaintiff provided the Defendant with certification of the birth of his children, and/or otherwise collected the necessary documents and informed the Defendant of the event triggering his need for Family Medical Leave, consistent with M.G.L. c. 175M, §5(4).

40. The Plaintiff thereafter suffered an adverse employment action.

41. A causal connection exists between the protected activity and the adverse action taken by the Defendant against the Plaintiff.

42. The Defendant presumptively retaliated against the Plaintiff in violation M.G.L. c. 175M, §9.

43. As a direct and proximate result of the Defendant's retaliatory acts, the Plaintiff has suffered and continues to suffer damages, including but not limited to loss of income, loss of employment benefits, loss of personal and professional reputation, emotional distress, and mental suffering.

## COUNT V
## VIOLATION OF THE MASSACHUSETTS WAGE ACT

44. The Plaintiff repeats and re-alleges the above paragraphs as if each were set forth here in its entirety.

45. By the conduct alleged above, the Defendant violated the Massachusetts Wage Act M.G.L. c. 149, §148, et. seq., in failing to provide payment to the Plaintiff of earned vacation time and/or earned sick leave upon the Plaintiff's termination.

46. As a direct and proximate result, the Plaintiff has suffered and continues to suffer damages, including but not limited to loss of income, loss of personal and professional reputation, emotional distress, and mental suffering.

## COUNT VI
## ASSOCIATIONAL DISABILITY DISCRIMINATION/RETALIATION IN VIOLATION OF CHAPTER 151B

6

47. The Plaintiff repeats and re-alleges the above paragraphs as if each were set forth herein.

48. Additionally, and/or alternatively, the Plaintiff asserts that pursuant to G.L. c. 151B, § 4(4): (1) Plaintiff engaged in protected conduct when Plaintiff requested a leave of absence and/or a workplace accommodation; (2) Plaintiff's premature son and daughter were at all times qualified handicapped individuals and Plaintiff was capable of performing the essential functions of his job with, or without, reasonable accommodation (3) Plaintiff suffered an adverse employment action; and (4) A causal connection exists between Plaintiff's protected activity and/or his premature children's disability and that adverse action.

49. As a direct and proximate result, the Plaintiff has suffered and continues to suffer damages, including but not limited to loss of income, loss of employment benefits, loss of professional opportunities, loss of personal and professional reputation, other financial losses, emotional distress and mental suffering.

## REQUEST FOR RELIEF

**WHEREFORE**, the Plaintiff prays that this Honorable Court grant the following relief:

I. Judgment against the Defendant;

7

II. Damages, including compensatory (including double and/or trebled damages), emotional distress, punitive, and/or liquidated, to the Plaintiff, as authorized or mandated by applicable law, in an amount to be determined at trial;

III. Compensation for the Plaintiff of lost wages, benefits and other remuneration with interest thereon.

IV. Costs and any reasonable attorney's fees;

V. Pre-judgment and post-judgment interest;

VI. Appropriate injunctive, declaratory and other equitable relief; and

VII. Such other relief as this Honorable Court may deem just and appropriate under the circumstances.

## JURY DEMAND

The Plaintiff demands a jury trial on all claims herein.

Dated: October 30, 2023

Respectfully submitted,
The Plaintiff,
By his attorney,

/s/ Samuel Kennedy-Smith
Samuel Kennedy-Smith (BBO# 685647)
Duddy Goodwin & Pollard
446 Main Street, 16th Floor
Worcester, MA 01608
sks@dgpfirm.com

8

## Commonwealth of Massachusetts

MIDDLESEX,SS.

TRIAL COURT OF THE COMMONWEALTH
SUPERIOR COURT DEPARTMENT
CIVIL DOCKET NO. 2381CV03045

Tangyang "Dan" Yuan , PLAINTIFF(S),

v.

Eightfold AI Inc. , DEFENDANT(S)



### SUMMONS

THIS SUMMONS IS DIRECTED TO Eightfold AI, Inc. . (Defendant's name)

**You are being sued.** The Plaintiff(s) named above has started a lawsuit against you. A copy of the Plaintiff's Complaint filed against you is attached to this summons and the original complaint has been filed in the Middlesex County Court. **YOU MUST ACT PROMPTLY TO PROTECT YOUR RIGHTS.**

1. **You must respond to this lawsuit in writing within 20 days.** If you do not respond, the court may decide the case against you and award the Plaintiff everything asked for in the complaint. You will also lose the opportunity to tell your side of the story. You must respond to this lawsuit in writing even if you expect to resolve this matter with the Plaintiff. **If you need more time to respond, you may request an extension of time in writing from the Court.**

2. **How to Respond.** To respond to this lawsuit, you must file a written response with the court **and** mail a copy to the Plaintiff's Attorney (or the Plaintiff, if unrepresented). You can do this by:

   a. Filing your **signed original** response with the Clerk's Office for Civil Business, Middlesex Court, 200 Trade Center, 2nd Floor, Woburn, MA 01801 (address), by mail or in person, **AND**

   b. Delivering or mailing a **copy** of your response to the Plaintiff's Attorney/Plaintiff at the following address: Duddy Goodwin & Pollard 446 Main Street, 16th Floor, Worcester, MA 01608

3. **What to include in your response.** An **"Answer"** is one type of response to a Complaint. Your Answer must state whether you agree or disagree with the fact(s) alleged in each paragraph of the Complaint. Some defenses, called affirmative defenses, must be stated in your Answer or you may lose your right to use them in court. If you have any claims against the Plaintiff (referred to as **counterclaims**) that are based on the same facts or transaction described in the Complaint, then you must include those claims in your Answer. Otherwise, you may lose your right to sue the Plaintiff about anything related to this lawsuit. If you want to have your case heard by a jury, you must **specifically** request a jury trial in your Answer or in a written demand for a jury trial that you must send to the other side and file with the court no more than 10 days after sending your Answer. You can also respond to a Complaint by filing a **"Motion to Dismiss,"** if you believe that the complaint is legally invalid or legally insufficient. A Motion to Dismiss must be based on one of the legal deficiencies or reasons listed under **Mass. R. Civ. P. 12.** If you are filing a Motion to Dismiss, you must also comply with the filing procedures for "Civil Motions" described in the rules of the Court in which the complaint was filed, available at www.mass.gov.courts/case-legal-res/rules of court.

4. **Legal Assistance.** You may wish to get legal help from a lawyer. If you cannot get legal help, some basic information for people who represent themselves is available at www.mass.gov/courts/selfhelp.

5. **Required Information on all filings:** The "civil docket number" appearing at the top of this notice is the case number assigned to this case and must appear on the front of your Answer or Motion to Dismiss. You should refer to yourself as the "Defendant."

Witness Hon. Heidi Brieger, Chief Justice on _____, 20___.

*[signature]*

Michael A. Sullivan
Clerk-Magistrate

Note: The number assigned to the Complaint by the Clerk-Magistrate at the beginning of the lawsuit should be indicated on the summons before it is served on the Defendant.

## PROOF OF SERVICE OF PROCESS

I hereby certify that on _____, 20___, I served a copy of this summons, together with a copy of the complaint in this action, on the defendant named in this summons, in the following manner (See Mass. R. Civ. P. 4(d)(1-5)):

_____
_____
_____

Dated: _____, 20___    Signature: _____

**N.B.   TO PROCESS SERVER:**

PLEASE ENTER THE DATE THAT YOU MADE SERVICE ON THE DEFENDANT IN THIS BOX - BOTH ON THE ORIGINAL SUMMONS AND ON THE COPY OF THE SUMMONS SERVED ON THE DEFENDANT.

, 20___